## No. 10,147.

### GOMILA & CO. VS. HIBERNIA INSURANCE COMPANY.

40 553
106 149

In a suit on a marine insurance contract, predicated on an open marine policy, proved and admitted to have existed between the insured and the company, the burden is on the company to prove its contention that the open marine policy had been cancelled and rescinded before the date of the contract of insurance sued on.

Parol testimony is incompetent and inadmissible to vary, alter or modify the stipulations of a written contract of insurance, and, hence, it will not be admitted to support the contention of the insurer, that the insurance was for total loss only, if the instrument evidences a different agreement.

A sale at public auction, in accordance with the law of a seaport, at which a disabled vessel puts in after a storm or other distress, is the best mode of disposing of a cargo shown to be too seriously damaged for reshipment.

An insured cannot recover for a total loss in the absence of proof of abandonment and of notice of the same on the insurer.

APPEAL from the Civil District Court for the Parish of Orleans. Voorhies, J.

J. Ward Gurley and Braughn, Buck, Dinkelspiel & Hart for Plaintiffs and Appellees:

Quoted the following authorities, viz: James K. Bell vs. Western Ins. Co., 5 R. 423; Courtnay vs. Company, 12 La. 240; Lemmes vs. Company, 13 Ann. 504; Woodruff vs. Company, 5 Ann. 697, p 699; Philips vs. St. Louis Ins. Co., 11 Ann. 459; 3 Kent's Com p. 331; 11 Rob. 255; John Riley vs. Ocean Ins. Co., 1 Taunt., 325; Sterling vs. Vaughn, 11 East, 619; Routh vs. Thompson, 13 Id., 274; Wolf vs. Horncastle, 1 B. and P,, 316; Hagedorn vs. Oliverson, 2 M. and S., 485; Jefferson Ins. Co. vs. Cotheal, 7 Wend., 72; Fleming vs. Marine Ins. Co., 4 Wharton, 59, and DeBolle vs. Pennsylvania Ins. Co., 4 Wharton, 68.

T. Gilmore & Sons and O. B. Sansum for Defendant and Appellant:

Quoted the following authorities, viz: In Arnold on Insurance, Vol. 1, p. 237, (231), it is said that: "The expectation of profit or benefit to arise from some subject in which the party insuring is not actually interested at the time of loss, but only expects to be interested is the mere expectation of an expectation, and is not an insurable interest."

The minds of the contracting parties must be ad idem. Bates vs. Hewitt, L. R. §22 B., 595; Ionides vs. Pender, L. R. 92, B., 531: Stribley vs. Imp. M. Ins. Co., 12 B. D., 507; Rivaz vs. Gerussi, 62; B. D. 222; Arnold, Vol. 1, pp. 240, 241, 272.

As to duties of master to repair and reship or forward cargo by another vessel and constructive total loss of cargo and necessity of notice of abandonment to constitute same and right of master to sell. See Arnold on Marine Insurance, pp. 1029, 1030; Vol. 2, pp. 1052. 1055, 1031, 1129, 1144, where the authorities are fully reviewed and conclusions stated.

Phillips on Insurance, Vol. 2, Sec. vi, pp. 317, 337, (§1598-1630): 3 Abbott's Digest, Abandonment, p. 73; Sansom's Digest of Insurance, p. ——; Mitchell vs. Edie, 1 T. R. 608; Cambridge .vs. Anderton, 2 B. C. 691; Merchants' Ins. Co. vs. N. O. Mut. Ins. Co., 24 Ann. 305; 5 Ann. 200.

A master cannot justify a sale of the cargo on the ground that it was the best thing for all concerned; that a prudent owner, if present, would have sold it under the same circumstances. Nothing but a legal necessity will justify the sale. Peck vs. Nashville Ins. Co., 6 La. Ann. 148; Bryant vs. Commonwealth Ins. Co., 13 Pick., 543; Hanau vs. La. Mut. Ins. Co., 15 Ann. 201.

The opinion of the Court was delivered by

POCHÉ, J.   This litigation grows out of a contract of insurance of a cargo of coffee and cigars, shipped from Vera Cruz to Matamoras, Mexico, the amount covered by insurance being $9300, and the same is herein claimed by plaintiffs on an alleged total loss of the cargo.

As no regular policy of insurance was issued, plaintiffs declare on two separate applications made by them and accepted by the defendant, one for $4500 and the other for $4800, on an open marine policy which they then carried on with the defendant, both applications having been made and accepted on October 30, 1880.

They aver that the schooner " Veloz Maria," on which the goods were shipped, sailed from Vera Cruz in a staunch and seaworthy condition, on the 6th of November, 1880, but the vessel, having met up with a storm, was so damaged that she was compelled to put in on the 22d of the month, at Alvarado, a small seaport on the Mexican coast, where she was forced, by her disabled condition, to land her cargo, itself in a very damaged condition, and there the voyage was abandoned.

They further aver that after due proceedings by the proper authorities, showing that the goods were too seriously damaged for reshipment, the same were sold at public auction, realizing the sum of $2510, with net proceeds, after deduction of necessary costs, in the sum of $2322.26, which sum was deposited in Vera Cruz to the credit of whom it may concern.   Hence, they claim as in case of total loss and abandonment.

It appears that after the institution of the suit, the names of Francisco Armendaiz and Marcelino Rougier, of Mexico, the alleged co-owners and consignees of the cargo, were substituted as plaintiffs in the cause.

The defense is, substantially :

1. That the open marine insurance policy at one time existing between Gomila & Co. and the defendant had been cancelled and rescinded previous to the date of the contract of insurance sued on.

2. The said contract was against total loss only, and the denial that a total loss was sustained in the venture.

3. That Gordon & Co., or Gordon & Gomila, had no insurable interest in the goods in question.

4. A denial that the damage occasioned to the goods was caused by the perils of the sea, and a denial of the existence of any condition of things to justify the abandonment of the voyage or the sale of the goods.

The judgment below was in favor of plaintiffs for a partial loss, in the sum of $6600, whereof $3400 in favor of Francisco Armendaiz and $3200 in favor of Marcelino Rougier.

Defendant appeals and plaintiffs seek, by answer to the appeal, to recover the full amount of their claim, $9300.

On appeal defendant makes the point that F. Armendaiz and M. Rougier are not the insured in the contract sued on, and have, therefore, no standing in court as plaintiffs. But the record contains a summary answer to that contention in the shape of a "Petition for Removal" of the cause from the State to the Federal Courts, filed by the defendant company some time previous to the motion suggesting Rougier and Armendaiz as the proper plaintiffs in the cause, in which petition it was alleged that said "F. Armendaiz and M. Rougier were the real plaintiffs in said suit." That judicial declaration is manifestly a complete estoppel to a contrary assertion on the part of the defendant.

1. Our examination of the record and of the conflicting testimony which it contains, has satisfied us that all the material facts alleged and relied on by plaintiffs are sustained by the preponderance of the evidence.

Hence, we find and we hold that the open marine policy between Gomila & Co. and the defendant had not yet been cancelled or rescinded at the date on which the insurance contract sued on was entered into.

It is true, that the book which contained the agreement was not produced on the trial, but its existence and its loss were satisfactorily accounted for. The burden was on the defendant, which acknowledged the previous existence of the contract, to prove its alleged cancellation. But in this the company entirely failed, its witnesses being unable to give the precise date of such cancellation, which is stated to have been between the first and the thirty-first of October, 1880, or to give the date of the notice to Gomila & Co. of the alleged cancellation, if, in fact, such notice had ever been given. The effect of that testimony, in itself weak and unsatisfactory, is effectively counteracted by the fact that the two applications af October 30, 1880, made by Gordon & Gomila and adopted by the insurance company, both refer to the open marine policy existing at the time, and by the additional fact that both were entered in the "Open Marine Risks Book" of the company.

2. The conclusion thus reached by us disposes of the contention touching the absence of interest in Gomila & Co. to bring the suit, the

open marine policy contained the stipulation that the insurance was made "for account of whom it may concern," and it throws the burden on the company to prove that the contract was for total loss only.

3. In support of that contention the company relied on parol testimony, but that kind of evidence was clearly inadmissible under the contract, as proved by plaintiffs, and, like the district judge, we must decline to give it any consideration or effect. C. C. Arts. 2276, 2235, 2238; Bell vs. Western Marine Ins. Company, 5 Rob. 42½; Courtnay vs. Mississippi Marine Co. 12 La. 233; Packet Company vs. Brown, 36 Ann. 138.

4. Defendant's denial that the damage resulted from the perils of the sea is not supported by the record.

The preponderance of the evidence is overwhelming in the proof of the contrary.

It shows that, owing to the violence of the storm, the vessel was blown entirely out of her course, and that she put into a port, situated southeast of the point of departure, her course being northwest of that point; that she arrived at Alvarado quite disabled and taking water very rapidly and dangerously, and that, in consequence of her condition, the voyage was abandoned, the vessel remaining four months at that place, whence she was towed to Vera Cruz, where she was subsequently converted into and is now used as a port lighter. We also find that her cargo was too badly damaged for reshipment, and that the best disposition was made of it which the nature of the surrounding circumstances would admit of. On that point the testimony is simply destructive of all of the defendant's contentions and theories on the subject.

Hence, we must hold the company liable under the contract, but not for a total loss. The record contains no evidence of an abandonment of the venture by the insured, and _a fortiori_ no proof of a notice of the same on the insurer. In the absence of such proof it is elementary that the insured cannot successfully claim, as in case of a total loss. The amount deposited in Vera Cruz, to the credit of whom it may concern, added to the amount allowed in the judgment, will very nearly cover the full amount of the insurance on the cargo.

Our review of the case has convinced us that the district judge has done full justice to all parties in the cause.

Judgment affirmed.

## ON APPLICATION FOR REHEARING.

FENNER, J. Appellees call our attention to the omission in the judgment of any allowance of interest, and to their prayer for an amendment in this respect. As they failed to refer to this matter in their briefs, it escaped our notice. They are, however, so clearly entitled to interest, at least from judicial demand in this suit, that the matter cannot admit of controversy, and we may amend our judgment to that extent without a rehearing. 33 Ann. 190.

It is, therefore, ordered that our former decree herein be amended by amending the judgment appealed from in so far as to grant legal interest on the amounts allowed therein from judicial demand, viz., July 16th, 1883; and that otherwise it remains undisturbed, and that the rehearing applied for by appellant be refused.